JACK SMITH, ALIAS HENRY SMITH, v. THE STATE.

No. 4151.   Decided December 2, 1908.

**Murder—Continuance.**

Where upon trial for murder the defendant made an application for continuance and showed that the testimony of the absent witness was material, and that he expected to prove by him the previous difficulty shortly before the homicide in which the deceased made an attack upon defendant with a knife, and there was no other eyewitness to this difficulty, and it being the first application for continuance, the same should have been granted.

Appeal from the District Court of Orange.   Tried below before the Hon. W. B. Powell.

Appeal from a conviction of manslaughter; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Bisland & Bruce,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—An inspection of the record discloses the fact that notice of appeal was not given in the court below and entered of record as required by the statute.

As the record is thus presented the jurisdiction of this court is not attached. Wherefore, the appeal is dismissed.

*Dismissed.*

### ON REHEARING.

#### December 9, 1908.

DAVIDSON, Presiding Judge.—On a former day of this term the appeal herein was dismissed because the record failed to show that a notice of appeal had been given to this court. Appellant now files a motion for rehearing in which it is fully and amply shown that notice of appeal was given and entered of record in the court below, but was omitted from the transcript. It appearing that proper notice of appeal was given and entered of record in the court below, the jurisdiction of this court therefore attached. The former judgment of dismissal is set aside and the case now re-instated and will be decided upon its merits. Appellant was convicted of manslaughter, his punishment being assessed at five years in the penitentiary. The facts, in substance, disclose that appellant had lost a ring which was subsequently found by deceased. Deceased met appellant and returned the ring for which appellant agreed to pay him $1.50. The money was to be paid the following Saturday night. This occurred about the sixth of the month. Before the arrival of Saturday deceased sought out appellant at the house where he was stopping and demanded payment. Appellant reminded him of the fact that Saturday had not arrived and he would not be able to collect his wages until Saturday at which time he would pay him the $1.50. The deceased threatened to kill appellant if it was not paid and went away. Later on during the day appellant was at the tailor shop of one Jones. Deceased came there and demanded instant payment and upon appellant informing him that he could not pay him, as he had already informed him, until Saturday night, deceased made an attack on him with a knife, but was prevented injuring him by the interference of Jones. He again repeated his threat to kill appellant and left. Shortly afterwards appellant left the tailor shop and went down to a saloon where Major Johnson was in charge to pay him $1 which he, appellant, had borrowed from Johnson. Upon paying the money, he walked off in the corner of the saloon and sat down in a chair. At this juncture the deceased entered the saloon and Major Johnson demanded the payment of $1.50 from the deceased, which was due by deceased to Johnson. Deceased said he did not have the money but pointed to appellant, sitting in the corner, stating that appellant owed him $1.50 and that he was going to

make him pay it, and turned towards and approached appellant. Appellant's testimony is that as deceased approached him, he did so with a drawn knife, catching him by the throat with his left hand and undertaking to stab him with the knife in his right hand, and immediately he drew his pistol and shot. This was the only shot fired and proved fatal. Major Johnson testified that he saw deceased approaching appellant but did not notice his hands and that before he reached appellant, he, Johnson, turned around and did not notice the condition of things until the shot was fired; that just after the homicide someone handed to him some things that belonged to the deceased, and among them a knife, but at the time it was handed him the knife was closed. The name of the party who handed him the knife was not named and his testimony was not before the jury. This is a sufficient statement to dispose of the questions involved for discussion.

Under this state of case appellant sought a continuance for the want of testimony of Jones, who is shown to have been absent. There were no witnesses to the attack in Jones' tailor shop a few moments before the homicide except Jones and deceased. Appellant testified to the attack with the knife at Jones' tailor shop. This is the first application for a continuance and for this reason should have been granted, because this testimony was very material. And in this connection it will be noted that appellant was the only witness testifying to these matters and he is not regarded in the same light as would be a witness who is not interested in the trial as is the accused party. Morgan v. State, decided at the present term of the court.

The judgment is reversed and cause remanded.

*Reversed and remanded.*